# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2020-0039, <u>In the Matter of Nicholas Flickner and Elizabeth Connors</u>, the court on October 20, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Nicholas Flickner (husband), appeals the final decree of the Circuit Court (<u>Derby</u>, J.) in his divorce from the respondent, Elizabeth Connors (wife), raising numerous challenges to the trial court's alimony award. He argues that the court erred in: (1) including overtime pay in calculating his income; (2) awarding alimony for a term of 39 months; (3) finding that he has the ability to pay the alimony award; and (4) awarding alimony when the wife did not claim alimony on the parties' joint petition for divorce.

The husband first argues that the trial court erred by including overtime pay in calculating his income for purposes of alimony. The trial court is afforded broad discretion in awarding alimony. <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. Under the alimony statute, the term "gross income" means income from all sources. <u>See</u> RSA 458:19, V (Supp. 2019). Overtime income is excluded from gross income if it began after the parties separated or a petition for divorce was filed. <u>See</u> RSA 458:19, III (Supp. 2019). The husband does not challenge the trial court's finding that his overtime pay began before the parties separated. Instead, he argues that the court erred in failing to credit his testimony that his overtime pay will fall sharply in the near future.

"Conflicts in the testimony, questions about the credibility of witnesses and the weight to be given testimony are for the trial court to resolve." <u>In the Matter of Choy & Choy</u>, 154 N.H. 707, 713 (2007). We will not disturb the court's findings if they can reasonably be made on the evidence presented. <u>In the Matter of Peirano & Larsen</u>, 155 N.H. 738, 749 (2007). In this case, the trial court, "[h]aving considered husband's testimony about the prospects of his overtime decreasing, and comparing that to the three years and three months during [which] a formula alimony award would be in effect," found that "there will continue to be significant, regular overtime for the foreseeable future." We conclude that the record supports the court's finding. The husband admitted that overtime would continue in the following year, and that although his

employer was hiring additional staff, not everyone hired completes training and obtains certification. An award of alimony must generally be based upon current income. In the Matter of Nassar & Nassar, 156 N.H. at 776. The trial court in this case based its alimony award upon the husband's current income as stated in his financial affidavit submitted at the final hearing. Based upon this record, we conclude that the trial court sustainably exercised its discretion in determining the husband's income for purposes of its alimony award. See In the Matter of Peirano & Larsen, 155 N.H. at 749.

The husband next argues that the trial court erred in awarding alimony for a term of 39 months. RSA 458:19-a, III (Supp. 2019) provides that "[t]he maximum duration of term alimony shall be 50 percent of the length of the marriage, unless the parties agree otherwise or the court finds that justice requires an adjustment." In this case, the trial court awarded alimony for 50 percent of the length of the marriage. The husband argues that justice required an adjustment because the parties had been married previously, no children were born of the marriage, and the length of the marriage was "relatively short-term." The wife counters that this issue is not preserved for our review because the husband failed to raise it in the trial court. We agree. We acknowledge that the husband was self-represented at trial; however, the rules of preservation are not relaxed for self-represented parties. In the Matter of Peirano & Larsen, 155 N.H. at 744-45. Moreover, even if this issue had been preserved, we note that none of the factors identified by the husband in support of his request for an adjustment are specifically included in the non-exclusive list of special circumstances that may justify an adjustment under the alimony statute. See RSA 458:19-a, IV (Supp. 2019).

The husband next argues that the trial court erred in finding that he has the ability to pay the alimony award. He asserts that his base pay is $12,647 per month, and that his adjusted monthly expenses are $12,829 per month. However, the trial court found his total income to be $16,241, as he stated on the financial affidavit submitted at the final hearing. In addition, although the husband claimed expenses of $888 per month on his primary vehicle and $433 per month on other vehicle payments, the trial court found that "[b]oth parties' financial affidavits include excessive and unreasonable payments on under-water motor vehicles." The court adjusted the husband's claimed expenses for motor vehicles, groceries, and savings to approximate the wife's expenses in these areas and concluded that the husband "would have about $3,412 left over every month at his current pay rate." We conclude that the record supports the trial court's finding that the husband has the ability to pay the alimony award. See In the Matter of Peirano & Larsen, 155 N.H. at 749.

Finally, the husband argues that the trial court erred in awarding alimony when the wife did not claim alimony on their joint petition for divorce or other pleadings. The wife counters that this issue is not preserved because the husband failed to raise it in the trial court. We agree. As previously noted,

although the husband was self-represented at trial, the rules of preservation are not relaxed for self-represented parties. In the Matter of Peirano & Larsen, 155 N.H. at 744-45. Moreover, we note that RSA 458:19-a, I (Supp. 2019), provides that "[t]he court may order term alimony upon agreement of the parties or in the absence of an agreement, at the request of either party by petition or motion." The pleadings in this case include the husband's proposed alimony order, submitted prior to the final hearing, in which the husband proposed alimony of $555 biweekly "based on an agreement of the parties." Even if this issue had been preserved, we would conclude that the record supports the trial court's finding that the parties "stipulated, through their pleadings, that wife has a need for some alimony and that husband has the ability to pay some alimony, though they differ as to the appropriate amount." Accordingly, we find no error in the court's alimony award. See In the Matter of Peirano & Larsen, 155 N.H. at 749.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**